IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| KSHITIJ SRIVASTAVA, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 19-cv-03193-LKG |
| v. | ) ) | Dated: July 13, 2022 |
| KELLY SERVICES, INC., | ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM OPINION AND ORDER**

**I.      INTRODUCTION**

Plaintiff *pro se*, Kshitij Srivastava, brings this civil action against defendant Kelly Services, Inc. ("KSI") pursuant to 28 U.S.C. § 1331 and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461.  *See generally* Am. Compl., ECF No. 16.  KSI has moved to dismiss this matter pursuant to Fed. R. Civ. P. 12(b)(4) and (6).  *See* Def. Mot., ECF No. 37; Def. Mem. ECF No. 37-1.  KSI's motion is fully briefed.  *See* Pl. Resp., ECF No. 40; Def. Reply, ECF No. 43.  No hearing is necessary to resolve the motion.  *See* L.R. 105.6 (D. Md. 2021).  For the reasons that follow, the Court:  (1) **GRANTS** KSI's motion to dismiss and (2) **DISMISSES** the amended complaint.

**II.     FACTUAL AND PROCEDURAL BACKGROUND[1]**

**A.      Factual Background**

Plaintiff's amended complaint is difficult to follow.  But, plaintiff appears to allege that KSI violated ERISA, and breached a policy of insurance, by refusing to provide coverage for certain medical expenses incurred in connection with the treatment of his minor son.  Am.

---

[1] The facts recited in this Memorandum Opinion and Order are taken from the amended complaint ("Am. Compl.") and KSI's motion to dismiss and the memorandum in support thereof ("Def. Mot.;" "Def. Mem.").

Compl. at 6.  As relief, plaintiff seeks a Court order requiring KSI to pay these expenses and to recover monetary damages from KSI.  *Id.* at 5, 7.

As background, plaintiff is a former KSI employee who worked for the company in the State of Maryland.  *See* Def. Mot. Ex. A at ¶ 3 (Declaration of Kristen Yerkovich).  KSI is a staffing services company that specializes in providing a wide range of employment staffing and consulting services, including outsourcing, recruitment, recruitment process outsourcing, temporary staffing services, vendor on-site and full-time placement, and consulting services.  *Id*. at ¶ 2.

As a KSI employee, plaintiff was eligible to enroll in the Kelly Services, Inc. Group Medical Plan (the "Plan").  *Id.* at ¶ 3.  In this regard, plaintiff alleges in the amended complaint that:

> Plaintiff is holder [*sic*] of a Policy of insurance which includes coverage for his minor son, AKSH SRIVASTAVA [sic].  Defendant has refused coverage for medically necessary medical expenses for Aksh Srivastava on the basis that the expenses were not medically necessary.  In this respect, Defendant has breached the contract.  Medical expenses which should be covered exceed 5000/-.  Defendant has failed and refused to pay despite demand.

Am. Compl. at 6.  And so, plaintiff requests, among other things, that the Court order KSI to pay these medical expenses.  *Id.* at 7.

KSI also argues that plaintiff has not properly served it with a copy of the amended complaint, as directed by the Court.  Def. Mem. at 4-6; *see also* April 13, 2021 Order, ECF No. 19.  In this regard, it is undisputed that KSI's benefits manager, Lisa Trombley, received a summons in this case on or about May 5, 2021.  Def. Mot. Ex. B at ¶ 2 (Declaration of Lisa Trombley); *see generally* Pl. Resp.  It is also undisputed that Ms. Trombley did not receive a copy of the complaint or amended complaint with the summons and that she has not received a copy of the complaint or amended complaint by any other means.  Def. Mot. Ex. B at ¶ 4; *see generally* Pl. Resp.

**B.    Procedural Background**

Plaintiff commenced this action in the Circuit Court for Montgomery County, Maryland, on September 27, 2019.  *See* Not. of Removal, ECF No. 1.  On November 4, 2019, KSI removed

2

the case to this Court.  *See id.*  On February 11, 2020, plaintiff filed an amended complaint.  *See*
Am. Compl.

After KSI successfully moved to set aside an Order of Default in this case, KSI moved to
dismiss the complaint on January 21, 2022.  Def. Mot.; Def. Mem.  Plaintiff filed a response in
opposition to KSI's motion on February 17, 2022.  Pl. Resp.  KSI filed a reply in support of its
motion on March 1, 2022.  Def. Reply.

KSI's motion to dismiss having been fully briefed, the Court resolves the pending
motion.

### III.     LEGAL STANDARDS

#### A.     Fed. R. Civ. P. 12(b)(4)

Fed. R. Civ. P. 12(b)(4) governs motions to dismiss based upon insufficient process and
provides, in relevant part, that:

> Every defense to a claim for relief in any pleading must be asserted in the
> responsive pleading if one is required.  But a party may assert the following
> defenses by motion: . . . insufficient process.

Fed. R. Civ. P. 12(b)(4).  A motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(4)
objects to a defect in the content of the documents served.  *See, e.g*., *Allen v. Cort Trade Show
Furnishings*, No. 19-2859, 2021 WL 1312898, at *2 (D. Md. Apr. 8, 2021) (citing 5B Charles
Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 (3d ed. 2004)).  In
this regard, the United States Court of Appeals for the Fourth Circuit has held that this Court
can exercise jurisdiction over a defendant only if there is valid service of process on the
defendant.  *See Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir.
1984) (holding that the "plain requirements for the means of effecting service of process may
not be ignored" even if a defendant receives actual notice of an action commenced against it).
This Court has held that, "[b]efore a federal court may exercise personal jurisdiction over a
defendant, the procedural requirement of service of summons must be satisfied." *Sparks v.
Transit Mgmt. of Cent. Md., Inc.*, No. 21-1598, 2021 WL 5742336, at *3 (D. Md. Dec. 2, 2021)
(citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987)).  And so,
failure to effect proper service of process will deprive the Court of personal jurisdiction over a
defendant.  *See id.* (citing *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998)).

**B.**      **Fed. R. Civ. P. 12(b)(6)**

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  (citing *Twombly*, 550 U.S. at 556). When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Nemet Chevrolet, Inc. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 [4th Cir. 2005) (citations omitted).  But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." *Nemet Chevrolet*, 591 F.3d at 255.  And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Private Placement Partners II, L.P. v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.,* 492 U.S. 229, 249-50 (1989)).

**C.**      **ERISA Claims And Preemption**

Lastly, ERISA governs the minimum standards for most voluntarily established retirement and health plans in private industry. *See* 29 U.S.C. §§ 1001-1461.  ERISA defines an "employee welfare benefit plan" as:

> [A]ny plan, fund, or program which was . . . established or maintained by an employer . . . to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants . . . through the purchase of insurance or otherwise . . . benefits in the event of sickness, accident, disability, death or unemployment . . . .

29 U.S.C. § 1002(1).  And so, ERISA applies if there is:  (1) a plan, fund or program; (2) established or maintained; (3) by an employer, employee organization, or both; (4) for the purpose of providing a benefit; (5) to employees or their beneficiaries.  *See Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 417 (4th Cir. 1993).

ERISA's civil enforcement provision provides that the statute "supersede[s] any and all

4

State laws insofar as they may now or hereafter relate to any employee benefit plan" governed by ERISA.  29 U.S.C. § 1144(a); *see also* 29 U.S.C. § 1132(a)(1)(B) (providing that plan participants may bring an action to "enforce [their] rights under the terms of the plan").  In this regard, this Court has held that "[a] law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan."  *Drs. Reichmister, Becker, Smulyan & Keehn, P.A. v. United Healthcare of Mid-Atl., Inc.*, 93 F. Supp. 2d 618, 621 (D. Md. 2000) (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983)).  In addition, the Fourth Circuit has held that "an action to enforce the terms of a contract, when that contract is an ERISA plan, is of necessity an alternative enforcement mechanism for ERISA § 502 and is therefore 'relate[d] to' an ERISA plan and preempted by § 514."  *Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 195 (4th Cir. 2002) (holding that a breach of contract claim was completely preempted under ERISA) (citations omitted).

The Fourth Circuit has also held that "state common law claims fall within the category of state laws subject to ERISA preemption."  *Griggs v. E.I. DuPont de Nemours & Co.*, 237 F.3d 371, 378 (4th Cir. 2001) (citing *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 140 (1990)); *see also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987) (citations omitted).  And so, ERISA's preemption provision is recognized as "the most sweeping federal preemption statute ever enacted by Congress."  *Sejman v. Warner-Lambert Co.*, 845 F.2d 66, 68 (4th Cir. 1988) (citation omitted); *see also Dist. of Columbia v. Greater Wash. Bd. of Trade*, 506 U.S. 125, 129-30 (1992) (quoting *Ingersoll-Rand Co*, 498 U.S. at 139) ("ERISA pre-empts any state law that refers to or has a connection with covered benefit plans . . . 'even if the law is not specifically designed to affect such plans, or the effect is only indirect.'").

IV.     LEGAL ANALYSIS

KSI has moved to dismiss this matter, pursuant to Fed. R. Civ. P. 12(b)(4), upon the ground that the Court does not possess personal jurisdiction over KSI because plaintiff did not properly serve KSI with a copy of the complaint and amended complaint.  Def. Mem. at 4-6. KSI also seeks dismissal of the amended complaint, pursuant to Fed. R. Civ. P. 12(b)(6), upon the grounds that:  (1) plaintiff's breach of contract claim is preempted by ERISA; (2) KSI is not a proper party to this case; and (3) plaintiff cannot recover monetary damages in this action.  *Id.* at 8-14.

Plaintiff does not directly respond to KSI's arguments in his response in opposition to KSI's motion to dismiss.  *See generally* Pl. Resp.  But, plaintiff, nonetheless, requests that the Court deny KSI's motion.  *Id.* at 5.

For the reasons that follow, there is no genuine dispute that plaintiff has failed to effect service of process on KSI.  A careful reading of the amended complaint also makes clear that plaintiff's breach of contract claim is preempted by ERISA.  And so, the Court:  (1) GRANTS KSI's motion to dismiss and (2) DISMISSES the amended complaint.  Fed. R. Civ. P. 12(b)(4) and (6).

### A.      Plaintiff Has Failed To Effect Service Of Process

As an initial matter, KSI persuasively argues that dismissal of the amended complaint is warranted due to insufficient process, pursuant to Fed. R. Civ. P. 12(b)(4).  Def. Mem. at 4-6. This Court has held that, "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."  *Sparks*, 2021 WL 5742336, at *3 (quoting *Omni Capital Int'l, Ltd.*, 484 U.S. at 104).  And so, a plaintiff's failure to effect proper service of process deprives the court of personal jurisdiction over a defendant.  *See id.* (citing *Koehler*, 152 F.3d at 306).

In this case, there can be no genuine dispute that plaintiff has failed to effect service of process on KSI as required by the Federal Rules of Civil Procedure and Maryland law.  It is undisputed that plaintiff did not provide a copy of the original complaint, or the amended complaint, with the summons served on KSI via its benefits manager, Lisa Trombley.  *See* Def. Mot. Exs. A, B; *see generally* Pl. Resp.  Rule 4(c) of the Federal Rules of Civil Procedure requires that "[a] summons must be served with a copy of the complaint."  Fed. R. Civ. P. 4(c). Because process was insufficient as to KSI, the Court does not possess personal jurisdiction over KSI.  *See Sparks,* 2021 WL 5742336, at *3 (citing *Koehler*, 152 F.3d. at 306).  And so, the Court must dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(4).[2]

### B.      Plaintiff's Breach Of Contract Claim Is Preempted By ERISA

Even if the Court were to decline to dismiss this matter pursuant to Fed. R. Civ. P. (b)(4),

---

[2] Plaintiff has not shown good cause for his failure to serve the amended complaint on KSI and to comply with the Federal Rules of Civil Procedure and the Court's Orders.  *See generally* Pl. Resp.; *see also* Fed. R. Civ. P. 4(m).

dismissal of the complaint is also warranted because plaintiff's state law breach of contract claim is preempted by ERISA.  *See* Fed. R. Civ. P. 12(b)(6).  It is well-established that ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" governed by this statute.  29 U.S.C. § 1144; *see also* 29 U.S.C. § 1132(a)(1)(B) (providing that plan participants may bring an action to "enforce [their] rights under the terms of the plan").  And so, "an action to enforce the terms of a contract, when that contract is an ERISA plan, is of necessity an alternative enforcement mechanism for ERISA § 502 and is therefore 'relate[d] to' an ERISA plan and preempted by § 514." *Darcangelo*, 292 F.3d at 195 (breach of contract claim completely preempted under ERISA) (citations omitted).

A careful reading of the amended complaint makes clear that plaintiff's breach of contract claim relates to an employee welfare benefit plan established by KSI for the purpose of providing insurance coverage benefits to its employees.  *See generally* Am. Compl.  Plaintiff alleges in the amended complaint that KSI breached his "[p]olicy of insurance" by refusing to pay certain medical expenses incurred to provide his son with speech therapy.  *See id.* at 6.  There is no dispute in this case that the "[p]olicy of insurance" referenced in the amended complaint is an employee welfare benefit plan as defined by ERISA.  Def. Mem. at 9-10; Pl. Resp. at 3; *see also* 29 U.S.C. § 1002(1) (defining an "employee welfare benefit plan" as "any plan, fund, or program which was . . . established or maintained by an employer . . . to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants . . . through the purchase of insurance or otherwise . . . benefits in the event of sickness, accident, disability, death or unemployment.").[3]

Given this, the amended complaint asserts a state law breach of contract claim that "relates" to plaintiff's employee welfare benefit plan as contemplated by ERISA.  And so, ERISA preempts this claim and the Court must dismiss this matter.  *See Wilmington Shipping Co. v. New Eng. Life Ins. Co.*, 496 F.3d 326, 342 (4th Cir. 2007) (holding that breach of contract and negligence claims were preempted by ERISA); *Estate of Spinner v. Anthem Health Plans of*

---

[3] The employee welfare benefit plan at issue in this case provides that "[a]ll provisions of the Plan shall be construed and administered in a manner consistent with the requirements under the Employee Retirement Income Security Act of 1974 (ERISA), as amended."  ECF No. 1-3 at 79 (Summary Plan Description) (emphasis omitted).

*Va., Inc.*, 388 F. App'x 275, 278 (4th Cir. 2010) (affirming dismissal of common law claims based on ERISA preemption).

## V.    CONCLUSION

In sum, plaintiff has failed to effect service of process on KSI and a careful reading of the amended complaint also makes clear that plaintiff's breach of contract claim is preempted by ERISA.  And so, the Court:

1.  **GRANTS** KSI's motion to dismiss; and

2.  **DISMISSES** the amended complaint.

Judgment is entered accordingly.

Each party to bear its own costs.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge